Mathews (Mike) RUBINO, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 12934.

United States Court of Appeals
Sixth Circuit.

Oct. 23, 1957.

Joseph W. Louisell and John F. Noonan of Porritt, Freud, Toppin & Louisell, Detroit, Mich., for petitioner.

Charles K. Rice, John Potts Barnes, Rollin H. Transue, Robert N. Anderson, Kenneth E. Levin and Charles B. E. Freeman, Department of Justice, Washington, D. C., for respondent.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

A Tax Court ruling that the petitioner was liable for certain income tax deficiencies and fraud and delinquent penalties for the years 1944, 1945 and 1946 was reviewed by this Court in 1955. The ruling of the Tax Court was affirmed, with the exception of the calculation of net worth and the computations based thereon. The case was remanded to the Tax Court for recomputation of petitioner's net worth and for recalculation of ordinary income taxes and fraud and delinquent penalties in accordance with the views expressed in the opinion. Rubino v. Commissioner, 6 Cir., 226 F.2d 291.

In that case, the commissioner had used the net worth method of determining taxpayer's deficiencies, starting on the theory that petitioner's opening net worth as of December 31, 1943, was zero. We sustained the taxpayer's contention that the finding of a zero net worth as of January 1, 1944, conflicted with a finding that taxpayer provided $4,618.42 toward purchase of a building under a land purchase contract in the name of taxpayer's mother, dated January 20, 1944, and that the calculations for the years in question were based upon the premise that petitioner had a zero net worth as of January 1, 1944, which basis was not established with the reasonable certainty required by Holland v. U. S., 348 U.S. 121, 132, 75 S.Ct. 127, 99 L.Ed. 150.

Following the remand the Tax Court included the $4,618.42 in petitioner's net worth as of January 1, 1944, and recalculated the taxes on that basis. On the present review petitioner contends that the Tax Court failed to follow the mandate issued in the prior review, which, under his interpretation thereof, would result in a failure on the part of the Commissioner to prove the deficiency adjudged.

Our ruling in the prior review was not a reversal of the Tax Court's decision on the ground that the Commissioner was unable to prove an opening net worth with the necessary reasonable certainty. On the contrary, the affirmance of the decision, with the exception noted, was an approval of the use of the net worth theory, pointing out, however, that the particular result reached was erroneous because of the improper treatment of one particular item. On the remand, this error was corrected by giving petitioner credit for the item in question in the opening net worth of January 1, 1944. The present recalculation of taxes was made on that basis.

We are of the opinion that the proceedings in the Tax Court following remand were in accordance with the opinion and mandate of the Court.

It Is Ordered that the decision be affirmed.